UNITED STATES DISTRICT COURT
SOUTHERN  DISTRICT OF NEW YORK
-------------------------------------------------------------X

KAREN VIVIEN SUTHERLAND,

Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY

Defendant.

-------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY  FILED
DOC #:_____
DATE FILED:__1/27/2026__
```

**21-CV-8527 (KHP)**

**OPINION & ORDER**

**KATHARINE PARKER, United States Magistrate Judge.**

Howard D. Olinsky ("Counsel") filed this action on behalf of Plaintiff Karen Sutherland ("Plaintiff") pursuant to Social Security Act § 206(b)(1) and 42 U.S.C. § 406(b)(1), seeking award of attorney's fees. The Court remanded the matter for further review by the Commissioner of Social Security (the "Commissioner") and approved a stipulation and agreement awarding Plaintiff $1,370.00 in attorney's fees and $402.00 (previously refunded) in costs under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412.  (ECF No. 22 ("Olinsky Aff."), at ¶ 2)

Following the remand, Plaintiff was awarded retroactive benefits from the Social Security Administration.  Thereafter, on September 8, 2025, Plaintiff's counsel timely filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b).  (*Id*., at ¶ 3)  Plaintiff seeks $7,760.50, which represents less than 25% of Plaintiff's retroactive benefits (totaling $93,401.00).  (*Id*., at ¶¶ 5, 7)  Plaintiff's counsel reports having billed a total of 10 hours for work on this matter which is comprised of 3.6 attorney hours and 6.4 paralegal hours, resulting in a de facto hourly rate of $2,000.00.  (*Id*., at  ¶ 9)  Based on the reasoning set forth below, the

Court authorizes Section 406(b) fees in the amount of $7,840.00 to be paid from past-due benefits withheld by the Commissioner.

**LEGAL STANDARD**

"Section 406 discretely addresses attorneys' fees expended in connection with administrative proceedings, 42 U.S.C. § 406(a), and those in connection with a challenge in court, 42 U.S.C. § 406(b)". *Bay v. Comm'r of Soc. Sec.*, No. 20 Civ. 9774 (RWL), 2025 WL 437698, at *1 (S.D.N.Y. Feb. 6, 2025).  Section 406(b) permits the Court to approve "a reasonable fee ... not in excess of 25 percent of the ... past-due benefits" awarded to the plaintiff.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 795 (2002) (quoting 42 U.S.C. § 406(b)(1)(A)).  A fee awarded under Section 406(b) does not operate as a fee-shifting mechanism between the litigants; rather, it represents compensation that the Social Security claimant personally pays to their own counsel. *See Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).  Courts consider three factors to determine reasonableness: (1) "whether the contingency percentage is within the 25% cap"; (2) "whether there has been fraud or overreaching in making the agreement"; and (3) "whether the requested amount is so large as to be a windfall to the attorney." *Wells*, 907 F.2d at 372.

**ANALYSIS**

The fee requested by Plaintiff is reasonable as it is within the 25% cap, there has been no evidence of fraud or overreaching, and the requested amount does not constitute a windfall to the attorney. *Id.*

As to the first *Wells* factor, Plaintiff entered into a valid contingency fee agreement with Counsel which states that the attorney shall charge and receive 25% of the past due benefits if

Plaintiff won her case.  (ECF No. 22-1); *see Gisbrecht*, 535 U.S. at 795.  The requested fee of

$7,840.00 falls well within the 25% cap, representing only 8.39% of the total benefits awarded

to Plaintiff.  *See Gisbrecht*,  535 U.S. at 795.

The agreement also satisfies the second *Wells* factor.  907 F.2d at 372.  The record

presents no evidence or assertions of fraud in establishing the attorney-client relationship.

Further, Plaintiff does not fall within the class of individuals who are especially vulnerable to

overreaching.  *Cf. McGuire v. Sullivan*, 873 F.2d 974, 979 (7th Cir. 1989) (providing children or

members of classes poorly equipped to protect their interests in class actions as examples of

vulnerable parties).

With regard to the third *Wells* factor, this award would not be an impermissible

windfall.  *See Diberardino v. Comm'r of Soc. Sec.*, No. 17 Civ. 2868 (PKC), 2020 WL 6746828

(E.D.N.Y. Nov. 17, 2020).  "For a district court to find that the fee provided by a contingency

agreement in such cases is unreasonable, and to do so solely on the grounds that the amount

requested is a windfall, it must first be truly clear that the fee is unearned by counsel."  *Fields v.*

*Kijakazi*, 24 F.4th 845, 849 (2d Cir. 2022).  That standard is not met here.  *Fields* clarifies that in

determining whether there is a windfall that renders a Section 406(b) fee unreasonable, courts

should consider more than the *de facto* hourly rate, outlining four factors courts should also

consider: (1) the ability and expertise of the lawyers and whether they were particularly

efficient, (2) the nature and length of the professional relationship with the claimant, (3) the

satisfaction of the disabled claimant, and (4) how uncertain it was that the case would result in

an award of benefits and the effort it took to achieve that result.  *See* 24 F.4th 845, 853-56 (2d Cir. 2022).

As to Counsel's expertise and efficiency, he handled the case in just 10 hours, attributing 6.4 hours to time expended by paralegals and 3.6 hours expended by attorney(s).  In that time, he drafted a complaint, reviewed orders, corresponded with opposing counsel, and engaged in various other tasks related to the instant action.  (ECF No. 22-3); *see id.* (citing *Jeter v. Astrue*, 622 F.3d 371, 380-81 (5th Cir. 2010)) ("It would be foolish to punish a firm for its efficiency and thereby encourage inefficiency").  Further, Courts in this Circuit have found twenty to forty hours is a reasonable amount of time on routine Social Security cases.  *See e.g., Borus v. Astrue*, No. 09 Civ. 4723 (PAC) (RLE), 2012 WL 4479006, at *3 (S.D.N.Y. Sept. 28, 2012).  As such, the time spent by Counsel is well within, and even a conservative measure of, what is found to be reasonable for these kinds of cases.  This factor, therefore, weighs in favor of a finding that the fee does not constitute an impermissible windfall.

The second factor looks to the nature and length of the professional relationship with the claimant.  *Fields*, 24 F.4th at 855.  Counsel's relationship with Plaintiff spanned roughly nine months.  (ECF No. 22-3)  The representation in *Fields* spanned around a decade, and in *Fields*, the court noted that counsel represented their client at four separate hearings.  *Fields*, 24 F.4th at 855.  The attorney-client relationship here neither spanned as long as the professional relationship in *Fields* nor did it require representation at four separate hearings.  However, it did extend over several months and require advocacy at multiple junctures, so this factor alone does not disqualify Olinsky from receiving the requested fees, especially since this Court has

awarded attorney's fees absent longstanding professional relationships.  (ECF No. 22-3); *see Thomas v. Comm'r of Soc. Sec.*, No. 23 Civ. 04642 (LJL) (GWG), 2024 WL 4942283 at *3 (S.D.N.Y. Dec. 3, 2024) (rewarding attorney's fees of $2,000 per hour despite the "brief" length of the professional relationship).  Accordingly, this factor is at most a neutral consideration in the Court's calculus.

The third factor considers the satisfaction of the disabled claimant.  *Fields*, 24 F.4th at 855.  Here, this factor militates in favor of granting the requested award since there is nothing in the record that indicates that Plaintiff was dissatisfied with the result.  *See, e.g.*, *Finnegan v. Commr. of Soc. Sec.*, No. 21 Civ. 2070 (PKC), 2024 WL 4494088, at *4 (E.D.N.Y. Oct. 15, 2024) ("[T]he Court presumes that Plaintiff is satisfied with receiving the past-due benefits that he sought; there is no evidence in the record to the contrary.") Thus, the third *Fields* factor weighs in favor of granting the requested award.

Finally, the fourth factor – the uncertainty that the case would result in an award of benefits and the effort it took to achieve that result – aims to prevent a lawyer from collecting an unearned advantage in a case that has very little risk of nonrecovery and requires minimal effort.  *Id.* at 856.  "In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk."  *Wells*, 907 F.2d at 371.  A windfall is more likely to be present in a case where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of nonrecovery.  *See Fields*, 24 F.4th at 856.  Counsel secured a favorable outcome for Plaintiff, however, the possibility of an adverse result – and with it, no

recovery for counsel – remained a genuine possibility throughout this action.  *See Meyer v. Acting Comm'r of Soc. Sec.*, No. 22 Civ. 5582 (LDH) (JMW), 2025 WL 2879978 at *5 (E.D.N.Y. Oct. 9, 2025) (holding that successful result for the plaintiff did not nullify the justification of a fee request and awarding the plaintiff's attorney $23,262.00 in a similar social security matter)*; Gabriel v. Comm'r of Soc. Sec.,* No. 20 Civ. 3089 (WFK) (PK), 2024 WL 5416754, at *5 (E.D.N.Y. Oct. 24, 2024) (noting the "inherent uncertainty of social security cases" along with the prior denials and rejections of benefits by an ALJ and the Appeals Council to weigh in favor of a fee request).  When considering that Counsel bore this risk for almost a year, the requested fee reflects fair compensation for achieving success, not an unearned windfall.

The $2,000 hourly rate admittedly falls within the high end of the range of reasonableness.  *See Bay v. Comm'r of Soc. Sec.*, No. 20 Civ. 9774 (RWL), 2025 WL 437698, at *1 (S.D.N.Y. Feb. 6, 2025) (de facto hourly rate of $1,861 approved and "not unreasonable ... and is in line with amounts that courts have found reasonable"); *Mannouris v. Comm'r of Soc. Sec.*, No. 20 Civ. 9790 (AT) (BCM), 2023 WL 9118792, at *3 (S.D.N.Y. Dec. 22, 2023), *report and recommendation adopted*, No. 20 Civ. 9790 (AT) (BCM), 2024 WL 81851 (S.D.N.Y. Jan. 8, 2024) (de facto hourly rate of $1,918 approved where counsel did not file any motions or briefs before the matter was remanded to the Commissioner); *Hennelly v. Kijakazi*, No. 20 Civ. 4786 (JGK), 2023 WL 3816961, at *2 (S.D.N.Y. June 5, 2023) (describing a non-contingency hourly rate of $1,705.16 as "high, [but] not unprecedented"); *cf. Thomassian v. Kijakazi*, (reducing the requested fee yet awarding a total of $33,360.04 when counsel sought the full 25 percent of the past-due benefits and finding that the second and fourth *Fields* factors required a

downward adjustment of the requested fee) .  However, since Plaintiff's counsel is only requesting 8.39% of the total benefits awarded to Plaintiff, and because the fee is in line with other awards in the District, the requested fee is reasonable.

### CONCLUSION

Having reviewed both Plaintiff's motion and the Commissioner's response, along with all supporting documents, the Court determines that the requested award is "reasonable," and that attorney's fees be granted in the amount of $7,840.00.  Upon receipt of this sum, counsel for the Plaintiff is directed to refund directly to the Plaintiff the previously awarded EAJA fees of $1,370.00.  (Olinsky Aff., at ¶ 2); *see also Gisbrecht*, 535 U.S. at 796 (explaining that where a fee award is made both under the EAJA and 42 U.S.C. § 406(b), the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee").

**SO ORDERED.**

DATED:        New York, New York
              January 27, 2026

_____
KATHARINE H. PARKER
United States Magistrate Judge